(C.R.D. 74–9)

DICTAPHONE CORPORATION v. UNITED STATES

Court No. 71–12–02021

(Dated August 20, 1974)

*Barnes, Richardson & Colburn* (*Earl R. Lidstrom* of counsel) for the plaintiff. *Carla A. Hills*, Assistant Attorney General (*Michael S. O'Rourke*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant's motion to dismiss this action for plaintiff's failure to file a timely protest is denied.

---

The pertinent facts are:

Plaintiff made an entry of certain merchandise at the port of New York on April 13, 1970 and paid estimated duties in the amount of $2,730.74. On April 24, 1970 plaintiff was sent a customs form 5561 notifying it that action resulting in increased duties was contemplated, for the reason that the value would be advanced. On July 27, 1970 a notice of appraisement (customs form 5561) was mailed to plaintiff, stating: "The appraised value exceeds the entered value".

At this juncture it must be observed that inasmuch as no appeal for reappraisement was filed within the 30-day period prescribed by 19 U.S.C. § 1501 (1964), the appraisement became final after August 26, 1970.

On November 13, 1970 the entry was liquidated, and increased duties in the amount of $8,189.81 were assessed. On November 17, 1970, C. W. Brown, attorney-in-fact for plaintiff, wrote the following letter to the Regional Commissioner:

"Enclosed are copies of Lep Transport Inc. invoice, copy of entry in question, a copy of your liquidation and invoice 30419814. I would like to know what comprises the liquidation amount of $10,920.55.

"The invoice 125036 which is in question were castings as cast and some parts were not completed. They were at certain labor operations.

"Your invoice of $8,189.81 is three times higher than the $2,730.74 Lep paid but total liquidation is four times higher than $2,730.74".

The following Bureau of Customs internal memorandum (customs form 3107) dated December 21, 1970 and signed by Paul E. Gelber appears in the official papers:

"Please furnish this office with a complete report of the facts relating to the importer's *claim*, to assist the Reg. Comm. in determining whether *the claim may be allowed under Section 520 (c) (1) of the Tariff Act*". (Emphasis added.)

The response to the above request for a report is noted on the same form:

"The appraised value was the reason for increased duties. This office will adhere to its appraisement".

Replying to Brown's letter of November 17, 1970, the then Regional Commissioner wrote plaintiff on February 19, 1971:

"Reply is made to your letter dated November 17, 1970 *wherein you requested reconsideration of the appraised value* of certain

merchandise imported under Entry No. 495093 of February 21, 1970 liquidated on November 13, 1970.

"Please be advised that we have reviewed the appraised value in the light of your *claim* and adhere to our original action. However *this decision may be protested by the importer or his authorized agent within 90 days after the date of this letter by filing a protest* on Customs Form 19 in quadruplicate in accordance with Section 1514(a)(7), Title 19, United States Code". (Emphasis added.)

Complying with the Regional Commissioner's suggestion and within 12 days thereafter, on March 3, 1971, plaintiff filed a protest on customs form 19, stating:

"Entry – 495093 – was cleared by Lep Transport on steel castings (as purchased by Dictaphone Company, Ltd., Scotland). Duty paid on this was $2730.74 – and parts not completed but at various labor operations. Mr. Throupe was at New York customs in 1968 and explained the pricing policy to Mr. G. Santucci. Am enclosing a copy of this letter confirming his conversation with Mr. Santucci. New York Customs has on file our pricing policy. We, therefore, are protesting the additional liquidation figure of $8,189.81 on entry 495093   4/14/70".

The above protest form filed by plaintiff bears the following notation by the reviewing customs officer:

"The following action has been taken on this Protest,
Denied because:
[ ] Untimely Filed
[√] Original Customs decision reviewed and found to be correct
[ ] Other, namely＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Other : Review Under Sec. 520(c)(1) denied.

Date    June 11, 1971"

On December 7, 1971 plaintiff filed a summons initiating this civil action. Thereafter and in due course, on November 30, 1973, plaintiff filed a complaint contesting the appraisement.

In support of its motion to dismiss, defendant contends that plaintiff's protest of March 3, 1971 was filed more than 90 days after liquidation (November 13, 1970), and therefore was untimely under 19 U.S.C. § 1514(b)(2) (1970).

In opposition to the Government's motion, plaintiff contends that its protest is represented by Brown's letter of November 17, 1970, filed four days after liquidation, and thus is timely; and that the document filed by plaintiff on March 3, 1971 was "merely an elaboration" of Brown's letter of November 17, 1970 "by invitation of the government

on February 19, 1971". In support of its contention that Brown's letter constitutes a protest, plaintiff relies upon *Mattel, Inc.* v. *United States*, 72 Cust. Ct. 257, C.D. 4547 (1974).

Replying to plaintiff's opposition memorandum, defendant argues that "the letter in question does not rise to the stature of a protest within the contemplation of law notwithstanding the decision in *Mattel*", since such letter does not "convey enough information to apprise knowledgeable officials of the importer's intent and the relief sought".

*Mattel* has been considered carefully, but it is not deemed helpful in resolving the issue in this case.

I am of the view that Brown's letter of November 17, 1970 was not intended by the writer or regarded by the customs authorities as a protest within the purview of 19 U.S.C. § 1514 (1964). It is evident that the Regional Commissioner processed such letter as though it were a request to reliquidate the entry pursuant to the provisions of 19 U.S.C. § 1520(c)(1) (1964).[1] Such action is plainly indicated by the Gelber memorandum of December 21, 1970 and the Regional Commissioner's letter of February 19, 1971, whereby plaintiff was notified that the appraisement would be adhered to, but that plaintiff could file a protest within 90 days after the date of the letter pursuant to 19 U.S.C. § 1514(a)(7) (1970).[2] And as noted above, following the Regional Commissioner's advice plaintiff filed a protest on March 3, 1971, and the reviewing officer's action was: "Review Under Sec. 520(c)(1) denied".

Further, it is apparent that if the letter of November 17, 1970 were considered as a protest against the liquidation of November 13, 1970, as urged by plaintiff, the Regional Commissioner's "decision" of February 19, 1971 adhering to the appraisement must be regarded as the "notice of denial" of such protest within the purview of 28 U.S.C. § 2631(a)(1) (1970), thus commencing the running of the 180-day

---

[1] 19 U.S.C. § 1520(c)(1) (1964) provides:

"(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of entry, appraisement, or transaction ; * * *"

[2] 19 U.S.C. § 1514(a)(7) (1970) provides in substance that refusal of the appropriate customs officer to reliquidate an entry under section 1520(c) becomes "final and conclusive * * * unless a protest is filed in accordance with this section * * *".

statute of limitations for filing a summons.[3] Accordingly, then, the summons in this action, filed on December 7, 1971 more than 180 days after the date of mailing of the Regional Commissioner's letter of February 19, 1971, would be untimely.

Also, as no appeal for reappraisement was filed pursuant to 19 U.S.C. § 1501 (1964), the appraisement became final prior to October 1, 1970, the effective date of Public Law 91–271.[4] Therefore, under section 203 of the public law,[5] administrative proceedings such as the appraisement, liquidation and protest were governed by the law in effect prior to October 1, 1970. Consequently, under section 1501 the appraisement could not be contested after August 26, 1970, whether a protest was filed on November 17, 1970, as claimed by plaintiff, or on March 3, 1971, as contended by defendant.

Under all the facts and circumstances, I conclude that plaintiff's protest of March 3, 1971, filed 12 days after the Regional Commissioner's decision of February 19, 1971, and at his suggestion, is timely for purposes of contesting that decision, which is construed as a refusal to reliquidate the entry pursuant to 19 U.S.C. § 1520(c)(1) (1964). Hence, defendant's motion to dismiss is denied.

Finally, it should be observed that plaintiff's complaint contesting the appraisement fails to state a claim upon which relief may be granted, since as noted above the appraisement became final after August 26, 1970. In the interest of justice, plaintiff is granted leave to file an amended complaint within 30 days of service of this order, to contest the Regional Commissioner's decision under 19 U.S.C. § 1520 (c)(1) (1964). If upon the expiration of said 30-day period, no such amended complaint shall have been filed by plaintiff, this action shall be deemed dismissed for failure to prosecute, without any further proceeding. In such event, the clerk is directed to enter an order of dismissal, without further notice.

---

[3] 28 U.S.C. § 2631(a)(1) (1970) provides:

"(a) An action over which the court has jurisdiction under section 1582(a) of this title is barred unless commenced within one hundred and eighty days after:

(1) the date of mailing of notice of denial, in whole or in part, of a protest pursuant to the provisions of section 515(a) of the Tariff Act of 1930, as amended; * * *"

[4] Public Law 91–271 comprises: The Customs Courts Act of 1970; and The Customs Administrative Act of 1970.

[5] Section 203 of Public Law 91–271 reads:

"Titles II and III of this Act shall take effect with respect to articles entered, or withdrawn from warehouse for consumption, on or after October 1, 1970, and such other articles entered or withdrawn from warehouse for consumption prior to such date, the appraisement of which has not become final before October 1, 1970, and for which an appeal for reappraisement has not been timely filed with the Bureau of Customs before October 1, 1970, or with respect to which a protest has not been disallowed in whole or in part before October 1, 1970".