F. W. MYERS & CO., INC., (ON BEHALF OF GENERAL MOTORS CORPORATION), PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83-3-00345

Before FORD, *Judge.*

(Decided December 16, 1983)

*Bedros Odian* at the oral argument and on the brief for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Michael P. Maxwell* at the oral argument and *Susan Handler-Menahem* on the brief) for the defendant.

FORD, *Judge:* This action involves the importation of certain automobile parts which were entered, classified, and liquidated under Item 692.32 of the Tariff Schedules of the United States and assessed with duty at 3.9 percent ad valorem as parts of motor vehicles.

Plaintiff contends the merchandise is entitled to free entry under Item 692.33 as Canadian articles within the meaning of General Headnote 3(e) and Headnote 2 of Subpart B, Part 6 of Schedule 6 and pursuant to the Automotive Products Act of 1965.

The parties are before the Court by virtue of defendant's motion, pursuant to Rule 12 of the Rules of the United States Court of International Trade, to dismiss the action for lack of jurisdiction and/or failure to state a claim upon which relief may be granted.

The chronology of the number of various letters, requests, and documents filed with the Customs Service is as follows:

Plaintiff on April 11, 1980 filed a letter with the Customs Service requesting reliquidation of the involved entry pursuant to Section 501 of the Tariff Act of 1930, and, alternatively, requested that if reliquidation under Section 501 could not be accomplished within ninety days the letter be considered a formal protest. This procedure was followed pursuant to a directive issued by the District Director of Buffalo on February 5, 1975 suggesting such procedure.

Customs, on May 29, 1980, returned a copy of the April 11 letter with a handwritten notation indicating the request for reliquidation could not be granted without additional documentation.

On February 3, 1981 plaintiff filed a formal protest on Customs Form 19, enclosing the documents requested on May 29, 1980.

The Customs Service on June 16, 1981 sent a valid notice of denial stating the basis to be untimeliness of protest.

Plaintiff on July 7, 1981 requested a review of its denied protest of April 11, 1980 under Section 520(c) of the Tariff Act of 1930.

This request was denied by Customs in a handwritten note on a copy of said letter on December 1, 1981.

A nine-page document, dated August 25, 1982, entitled "Protest", was filed with Customs on August 26, 1982.

A document entitled "Supplemental Protest" (to the protest dated August 25, 1982) was filed with Customs on September 7, 1982.

The Assistant District Director on October 12, 1982 advised plaintiff that the "Protest" of April 11, 1980 was denied on May 29, 1980, and the protest of February 3, 1981 was denied on June 16, 1981.

Counsel for plaintiff on February 24, 1983 wrote the Customs Service requesting a reliquidation of said entry. The Assistant District Director on March 1, 1983 replied no further action was being taken by the Customs Service.

Counsel for plaintiff on March 7, 1983 filed a summons against the denial of the protest filed on August 26, 1982.

In view of the numberous documents, letters and handwritten notations which were involved in this matter at the Customs Service level, it is incumbent upon the Court to clarify the statutory requirements as well as the regulations governing protests and denials. The statutory provision, 19 U.S.C. § 1514(c), provides "Only one protest may be filed for each entry of merchandise * * *". Therefore, the only valid and timely protest was filed by plaintiff on April 11, 1980. While this was a letter protest and not one filed on Customs Form 19, it did contain the information required of a protest. It has ofttimes been said that a protest is not required to be made with technical precision as long as the objections are distinct, specific and sufficient to bring to the attention of Customs the importer's intent and the relief sought. *Mattel, Inc.* v. *United States*, 72 Cust. Ct. 257, C.D. 4547, 377 F. Supp. 955 (1974). The letters and documents filed on February 3, 1981, August 25, 1981, September 7, 1982 and February 24, 1983 are all beyond the ninety-day statute of limitations for the filing of protests set forth in 19 U.S.C. § 1514(c)(2). None of these documents, etc., can be considered an amendment of the protest. To amend a protest under 19 U.S.C. § 1514(c)(1) and 19 C.F.R. 174.14 such amendment must be filed within the ninety-day period during which a protest may be filed. The above documents do not fall within this time period.

The requirements for the denial of a protest are specifically provided for in 19 U.S.C. § 1515(a) and 19 C.F.R. 174.30. Section 1515(a) provides "Notice of the denial shall be mailed in the form and manner prescribed by the Secretary. Such notice shall include a statement of reasons for the denial, as well as a statement inform-

ing the protesting party of his right to file a civil action contesting the denial of a protest under section 514 of the Tariff Act of 1930." Plaintiff contends that the *dicta* in the case of *Labay International v. United States,* 83 Cust. Ct. 152, C.D. 4834 (1979) supports its position. The Court therein held a handwritten notation of the Customs Service constituted a denial. While the statutory provision controlling at the time of *Labay* required notice to be in the style and manner prescribed by the Secretary, it did not require notice of the right to institute a civil action. Similarly the regulations, 19 C.F.R. 174.30 (1974), did not require notice of the right to institute a civil action. The *Labay* case, therefore, is not controlling under the present law.

The only denial issued by the Customs Service which complies with the statutory provisions and Customs Regulations is the denial of June 16, 1981. Customs utilized the proper basis, i.e., untimeliness, if its denial was directed against the protest of February 3, 1981. However, said protest did not comply with 19 U.S.C. § 1514(c), as it was the second protest filed against the same entry and merchandise. Nonetheless, this denial did enumerate the entry number, date of liquidation, etc., and is accordingly a denial against the only valid protest filed, that of April 11, 1980. The basis of denial, untimeliness, is improper as to the protest of April 11, 1980. However, it constitutes the only denial which conforms with the statute and regulations and, in fact, started the running of the statute of limitations with respect to the filing of this action. A summons to be timely must be filed within the 180 days after notice of denial. 28 U.S.C. § 2636. The denial was sent on June 16, 1981, and a summons was filed on March 7, 1983. The Court, therefore, lacks jurisdiction to entertain this action.

Plaintiff's letter of July 7, 1981, requesting review of the denial to reliquidate constitutes a protest under the provisions of 19 U.S.C. § 1520(c). This section authorizes the Secretary to reliquidate an entry to correct a clerical error, mistake of fact, or other inadvertance not amounting to an error of law, notwithstanding the fact that a valid protest has not been filed. However, the statute provides the clerical error, mistake of fact, etc. must be brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction. The entry involved was liquidated on March 28, 1980. Therefore, a protest filed on July 7, 1981 is untimely.

Accordingly, defendant's motion to dismiss is granted, and plaintiff's motion to remand the matter to Customs is denied.

Judgment will be entered accordingly.