OLD REPUBLIC INSURANCE CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Before MALETZ, *Senior Judge.*

1

Court No. 83–10–01450

(Dated July 6, 1984)

*Sandler & Travis, P.A. (Mark D. Crames* on the brief) for plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, of counsel (*Jerry P. Wiskin* on the briefs) for defendant.

MALETZ, *Senior Judge:* The government has moved to dismiss this action for lack of jurisdiction on the ground that the protest filed by the plaintiff was insufficient to give the Customs Service (Customs) information as to the claim it now raises and thus is invalid. The court disagrees and denies the motion to dismiss.

### BACKGROUND

Plaintiff, Old Republic Insurance Company (Old Republic), is surety on a bond for a company that made two entries of diesel engines on August 9, 1979 and January 7, 1980. Both entries were liquidated by Customs more than one year from the date of entry at rates of duty higher than the entered rates. More particularly, the first entry was liquidated on January 30, 1981, while the second entry was liquidated on February 20, 1981.[1] Customs then made a demand for payment on the surety, Old Republic, which paid the increased duties and thereafter, on June 29, 1981, filed a timely protest.[2] Its protest read in part as follows:

> (3) We protest the issuance to Protestant of the duties resulting from the liquidation of the subject entries. We claim that such Formal Demand on Protestant is unenforceable by reason of the equitable doctrine of laches. There was an unreasonable delay between the payment of estimated duties on the subject entries and the liquidation which resulted in the demand for additional customs duties.

Following this, Old Republic wrote Customs on January 12, 1982 stating that the liquidation was a nullity due to Customs' failure, in violation of 19 C.F.R. § 159.12, to notify it of the extension of liquidation. Again, on January 4, 1983, Old Republic wrote Customs to the same effect and requested that its protest be granted. On April 22, 1983, Customs denied the protest on the basis that the "[e]xtension and liquidation are valid."

The present suit followed, alleging that Customs' liquidation and demand on Old Republic are illegal, null and void due to Customs'

---

[1] 19 U.S.C. § 1504(a) provides that merchandise not liquidated within one year from the date of entry shall be deemed liquidated at the entered values. Setion 1504(b) contains a proviso, however, that Customs may, for specified reasons, extend this period by giving appropriate notice. In this connection, 19 C.F.R. § 159.12 authorizes Customs to extend the one-year statutory period for liquidation for an additional one-year period, but requires it to notify the importer and his surety promptly that the time has been extended and the reasons for doing so.

[2] 19 U.S.C. § 1514(c)(2) allows a surety to file a protest "within 90 days from the date of mailing of notice of demand for payment against its bond."

failure to send it a notice of extension of liquidation, as required by by 19 C.F.R. § 159.12. Accordingly, Old Republic contends that by virtue of 19 U.S.C. § 1504(a) the entries in question must be deemed liquidated by operation of law at the entered values.

## DISCUSSION

Against this background, the government moves to dismiss the action, arguing that Old Republic's protest did not raise the claim that the liquidation was invalid. The argument lacks merit.

In the first place, paragraph (3) of the protest, as indicated above, states in part that Old Republic "protests the issuance to * * * [it] of the duties resulting from the liquidation of the subject entries." The paragraph further states that "[t]here was an unreasonable delay between the payment of estimated duties on the subject entries and the liquidation which resulted in the demand for additional duties." This was sufficient to advise knowledgeable Customs officials that the liquidation of the entries was being protested. "[H]owever cryptic, inartistic, or poorly drawn a communication may be, it is sufficient as a protest * * * if it conveys enough information to apprise knowledgeable officials of the * * * [protestant's] intent and the relief sought." *Mattel, Inc.* v. *United States,* 72 Cust. Ct. 257, 262, C.D. 4547, 377 F. Supp. 955, 960 (1974). *See also, e.g., J. Ray McDermott & Co.* v. *United States,* 69 Cust. Ct. 197, 202, C.D. 4394, 354 F. Supp. 280, 284 (1972), *appeal dismissed,* 60 CCPA 185 (1973).

There is the additional consideration that 19 U.S.C. § 1514(c)(1) permits a party to present new grounds in support of objections raised by a protest at any time prior to the disposition of the protest. Thus, even though the protest initially did not specifically appraise Customs of Old Republic's contention that the liquidation was a nullity due to Customs' failure to notify it of the extension of liquidation, Old Republic did in fact present such grounds in its letters of January 12, 1982 and January 4, 1983. Customs' consideration of these grounds is evinced by its denial of the protest on the basis that the "[e]xtension and liquidation are valid." In short, the Customs determination demonstrates that Old Republic's protest, as supplemented by its two later letters to the agency, conveyed unmistakably the protestant's intent and the relief sought.

For the foregoing reasons, the government's motion to dismiss for lack of jurisdiction is denied.