LEE YUEN FUNG TRADING CO., INC., PLAINTIFF *v.*
DEPARTMENT OF THE TREASURY, U.S. CUSTOMS SERVICE, DEFENDANT

Court No. 92–07–00446

(Decided March 3, 1994)

*Yuen & Yuen (Veronica C. Yuen)* for the plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice, Civil Division *(Nancy M. Frieden)* for the defendant.

MEMORANDUM

AQUILINO, *Judge:* This action arises out of classification of Ching Hsin Green Tea by the U.S. Customs Service under subheading 2106.90.60 of the Harmonized Tariff Schedule of the United States ("HTS") ("Food preparations not elsewhere specified or included * * *: Other * * *: Other"). The complaint avers that the merchandise is a tea pellet consisting mostly of jasmine green tea (34%) and honey (30%) and is thus classifiable under HTS subheading 0902.20.00 ("Other green tea (not fermented)"), with entry thereof free of duty.

I

At commencement, this action sought to encompass three entries of such merchandise. However, entry No. D77–00077036 was ordered severed herefrom by the court and dismissed under CIT No. 92–07–00446–S upon report of the parties that it had in fact been classified by Customs in the manner for which the plaintiff pleads. As for the remaining two entries, the plaintiff depicts them as follows:

| Case | Entry No. | Protest No. | Date of Liquidation |
|------|-----------|-------------|---------------------|
| (a) . . . . . . . . . . . . . . . . . . . . | 00070528 | 1001–1–103210 (filed 4/16/91) | 2/1/91 |
| (b) . . . . . . . . . . . . . . . . . . . | 00056170 | 1001–1–201267 (filed 3/19/91) | 12/28/90 |
| | duplicate protest | 1001–1–103209 (filed 4/16/91) | |

Affirmation of Veronica C. Yuen, para. (2). This affirmation, which is part of a motion by the plaintiff for summary judgment, proposes to refer to these entries as Case (a) and Case (b) for ease of discussion. The court agrees. The motion asserts that protests of the Service's classification of them were each denied as untimely. *See id.,* paras. (4) and (5).

In its answer, however, the defendant had admitted that the protest was "timely filed" in Case (a), just as it admitted that the third entry had been liquidated as claimed under HTS 0902.20.00, ergo the afore-mentioned severance and dismissal. In any event, issue is joined as to the timing of plaintiff's protest in Case (b). To quote from defendant's first pleaded affirmative defense:

19. Entry No. D77–00056170 was off line reliquidated on December 10, 1990.

20. Protest No. 1001–1–103209 regarding Entry No. D[  ]77–00056170 was filed on April 16, 1991.

21. 19 U.S.C. § 1514(c)(2)(A) requires that a protest be filed within 90 days after but not before notice of liquidation or reliquidation.

22. Since the reliquidation of Entry No. D77–00056170 was not protested within 90 days of December 10, 1990, this Court lacks jurisdiction over Protest No. 1001–1–103209.

Plaintiff's motion attempts to dispel any confusion about that case as follows:

* * * The protest was filed with the District Director, U.S. Customs Service at Newark, New Jersey on March 15, 1991. Said protest was transferred to the New York District Director on March 19, 1991 (Exh. B). The protest number * * * is 1001–1–201267. Said protest was denied on February 6, 1992, with instruction to file the protest on Customs Form 19 (Exh. C). Prior to the decision on protest number 1001–1–210267, a protest was filed on Customs Form 19 on April 16, 1991, under * * * number 1001–1–103209 (Exh. D). Said protest was denied as being untimely. That denial is clearly erroneous[  ] pursuant to the decision dated February 6, 1992 (Exh. C). The protest, filed on March 19, 1991, * * * was found to be timely and that the importer ha[d] 30 days from February 6, 1992 to file a protest on Customs Form 19. * * *

Affirmation of Veronica C. Yuen, para. (5).

A

Given the facts and circumstances presented herein, including defendant's admission, the court clearly has subject-matter jurisdiction over Case (a) pursuant to 28 U.S.C. § 1581(a), which is linked statutorily to 19 U.S.C. § 1515. The latter, in turn, refers to protests filed in accordance with section 1514, subsection (c)(2) of which calls for their filing within 90 days after but not before notice of liquidation or reliquidation. Finally, section 1514 is linked to 28 U.S.C. § 2636(a), which requires commencement of actions like this within 180 days after their denial. These provisions amount to a waiver of the sovereign's immunity, and such a waiver must be strictly construed. *E.g., Peking Herbs Trading Co. v. United States,* 17 CIT 1182, 1183, Slip Op. 93–210, at 3 (Nov. 3, 1993). Moreover, motions of the kind at bar are also held to a strict standard, to wit, summary judgment cannot issue if they engender a genuine issue as to any material fact. *E.g.,* CIT Rule 56(d).

In regard to the issue of jurisdiction over Case (b), exhibit G to plaintiff's motion comprises the referenced, 13–page March 1991 submission to Customs which "protests the duty assessed and requests a reconsideration" of the classification. That submission sets forth more than adequate information for the Service to discern the nature of plaintiff's position. *Cf. Mattel, Inc. v. United States,* 72 Cust.Ct. 257, 262, C.D. 4547, 377 F.Supp. 955, 960 (1974) ("however cryptic, inartistic, or poorly drawn a communication may be, it is sufficient as a protest for purposes

of section 514 if it conveys enough information to apprise knowledgeable officials of the importer's intent and the relief sought"). Equally important, Customs recognized that the submission "was presented within the time limit prescribed under Section 514", albeit also calling upon the plaintiff to file preferred Protest Form 19.[1]

The Service response is couched in the language of 19 U.S.C. § 1520 (c)(1) *viz.* "reliquidate an entry to correct * * * a clerical error, mistake of fact, or other inadvertence". That reference was the basis stated for denial of plaintiff's March 1991 submission. *See* Affirmation of Veronica C. Yuen, Exhibit C. However, in *Donjon Marine Co. v. United States,* 12 CIT 100 (1988), letters had been filed with Customs, requesting that the duties remitted under protest be returned. The Service responded with what apparently was a similar statutory reference. The plaintiff Donjon thereupon did file a Form 19. It was denied. When Customs moved to dismiss the ensuing case for lack of jurisdiction, the court found the existence of an actionable protest, even if "informal":

> * * * Customs never advised plaintiff that its protest was untimely or insufficient or that the time for filing a formal protest had expired. *Cf. Farrell Lines, Inc. [v. United States,* 69 CCPA 1, 4, C.A.D. 1268, 657 F.2d 1214, 1216–17 (1981)]. Here, also, confusion existed on the part of both parties. Plaintiff believed that it had protest[ed] on the ground that excessive duty had been levied on * * * full value * * * (a substantive issue) and Customs denied the letter of protest on the ground that no § 520 error existed (clerical), even though plaintiff had made no § 520 claim.
>
> In such a situation, particularly where the party seeking relief has relied on Customs officials for guidance, dismissals should be granted sparingly. *Dann v. Studebaker Packard Corp.,* 288 F.2d 201, 215 (6th Cir. 1961). Accordingly, this court holds that a valid and timely protest was filed herein.[2]

In this action, given the lodging of the March 1991 protestation within 90 days of the liquidation, which the court finds to have occurred on December 28, 1990[3], the plaintiff successfully stopped the running of the statute of limitations as against its contested entries.[4]

## II

The fact that the plaintiff has properly invoked the jurisdiction of the court does not necessarily lead, however, to summary adjudication of its claim(s) about the nature of the subject matter. Although the defendant does not dispute the contention that the merchandise contains a mix-

---

[1] Affirmation of Veronica C. Yuen, Exhibit C. The court notes in passing that, in addition to the Form 19, the Service's governing regulation, 19 C.F.R. § 174.12(b), does accommodate "a form of the same size clearly labeled 'Protest' and setting forth the same content in its entirety, in the same order, addressed to the district director."

[2] 12 CIT at 102–03. To the extent that the plaintiff herein, much like the one in *Donjon,* filed a Form 19 protest, numbered 1001–1–103209 (April 16, 1991), its denial as "[u]ntimely filed" is of no import. *See* Affirmation of Veronica C. Yuen, Exhibit D.

[3] *See* Affirmation of Veronica C. Yuen, Exhibits D and G; Reply Affirmation of Veronica C. Yuen, Exhibit A.

[4] In reaching this conclusion, the court does not imply, however, that compliance with form is not important to preservation of one's rights in regard to the flow of goods into this country. Certainly, it is, and it must be.

ture of 34% green tea, 30% honey and 36% spice[5], this court cannot decide on the papers now at hand whether such mixture is the equivalent of the "Other green tea (not fermented)" of HTS 0902.20.00. While the implication of the disposition of the entry severed herefrom is in the affirmative, summary judgment cannot be granted on such a basis. Furthermore, the agency with the expertise and primary responsibility in the matter, the U.S. Customs Service, has yet to take the opportunity to consider reclassification of the merchandise remaining under valid protest.

Customs should have that opportunity, and partial summary judgment in favor of the plaintiff will enter therefor, remanding the merits for appropriate disposition by the Service. In all other respects, plaintiff's motion must and therefore will be denied.

---

[5] *See* Defendant's Statement of Material Facts About Which There Is No Genuine Issue To Be Tried, para. 2.