60 CCPA

**OGDEN MARINE, INC., and Platte Transport, Inc., Appellants,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5508.**

United States Court of Customs and Patent Appeals.

March 1, 1973.

Burlingham Underwood & Lord, New York City, attorneys of record, for appellant. Hervey C. Allen, John E. Nelson, II, New York City, of counsel.

Harlington Wood, Jr., Asst. Atty. Gen., Thomas G. Wilson, Alexandria, Va., for the United States.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and CLARK, Justice (Ret.), sitting by designation.

MARKEY, Chief Judge.

This appeal is from the order of the United States Customs Court of March 7, 1972 dismissing appellants' summons on the ground that it was not filed within the one hundred and eighty days after the date of mailing of notice of denial of the protest, provided for by 28 U.S.C. § 2631(a)(1).

On May 17, 1971 appellants filed a protest on Customs Form 19 contesting a liquidation made February 26, 1971. The protest was denied June 1, 1971 and notification was given by mailing a carbon copy of the form back to appellants with notations of denial thereon. On December 1, 1971 appellants filed a summons in the United States Customs Court to contest the denial. This being 183 days after the denial,[1] the United States' motion to dismiss was granted.

Appellants now come before us urging, as they did below, that the form of notification employed by the Customs officials did not constitute valid "notice of denial."

The statutory provisions in pertinent part are as follows:

28 U.S.C. § 2631

(a) An action over which the court has jurisdiction under section 1582(a) * * * is barred unless commenced within one hundred and eighty days after;

(1) the date of mailing of notice of denial, in whole or in part, of a protest pursuant to the provisions of section 515(a) of the Tariff Act of 1930, as amended; * * *

19 U.S.C. § 1515(a)

* * * Notice of the denial of any protest shall be mailed in the form and manner prescribed by the Secretary.

As can be seen, no particular form for the notice of denial is set forth in the statutes. Nor do the controlling Regulations[2] specify the form to be used, a fact acknowledged by appellants. The requirement is simply that "notice of the denial" be given by mail. The date of mailing commences the running of the 180 day period of 28 U.S.C. § 2631(a)(1).

Appellants do not deny that they in fact knew of the denial of the protest. Instead, it is their contention that the returned form with the information as to the action taken confined to an "obscure" area of small print headed by the caption "For Customs Use Only" does not constitute "notice" within the context of 28 U.S.C. § 2631(a)(1).

It is urged that the imposition of a 180 day limitation upon appellants' right of action by this provision necessitates a clear indication that the form being received is a formal notice. A caption of "Notice" and statements that this is the only notice and that the running of the period has commenced are advanced as minimal requirements.

"Notice" is a word of various meanings, largely controlled by the context in which it is used and the purpose and intent of the statute providing for it. See 66 C.J.S. Notice §§ 1–8. We agree that the "notice" prescribed in 28 U.S.C. § 2631(a)(1) must be reasonably interpreted in reference to the limitation placed on an importer's right to contest the denial. See United States v. International Importers, 55 CCPA 43, 47, C.A.D. 932 (1968). Information as to the action taken must be clear, definite and

---

1. Under 19 C.F.R. 174.30 the date on the notice of denial is deemed the date of mailing. (See Note 2 infra.)

2. 19 CFR 174.29 (in part)—
   * * * If the protest is denied in whole or in part the district director shall give notice of the denial in the form and manner prescribed in § 174.30.
   19 CFR 174.30 (in part)—

   (a) *Issuance of notice.* Notice of denial of a protest shall be mailed to any person filing a protest * * *. For purposes of section 515(a), Tariff Act of 1930, as amended (19 U.S.C. § 1515(a)), the date appearing on such notice shall be deemed the date on which such notice was mailed.

explicit. The date of mailing (or under 19 CFR 174.30 the date of denial) must be set forth.

■ We do not find it essential that the recipient be warned that the statutory period has begun to run. Notice "of denial" is all that the statute requires. Nor do we consider it mandatory that the form be labeled in any particular manner so long as the necessary information is unequivocally conveyed to the proper party.

■ Turning to the returned protest form, we find that the requisite information is provided. It explicitly states that the protest has been denied. The print size is not out of proportion or illegible. Moreover, the notice is found at the most appropriate place on the form, directly below the recitation of appellants' reasons for protest. The denial is signed by the customs officer, fulfilling the general requirement that written notice be signed by the person authorized to act. The date of denial is noted. Directly below the signature we find a block with the directions "Person Filing Protest—Fill in Name and Address of Person to Whom Notice of Any Denial Should be Sent." Appellants' mailing address has been provided therein.

Clearly the return of this form with information thereon as to the action taken on the protest to the address so provided fulfills the statutory requirement of "notice of denial." The failure of appellants to file their civil action within the statutory period cannot be rectified by the contention that they did not receive valid "notice" under 28 U.S.C. § 2631(a)(1).

The final order of the Customs Court is affirmed.

Affirmed.