(C.D. 4834)

LABAY INTERNATIONAL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 76-11-02561

(Decided December 21, 1979)

*Givens & Deem* (*Robert T. Givens* on the briefs) for the plaintiff.

*Alice Daniel,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation (*Susan Handler-Menahem* on the brief), for the defendant.

MALETZ, Judge: The only issue in this case—which has been submitted on a stipulation of facts—is whether the court has jurisdiction. Two questions are presented in this connection: (1) Whether a valid protest was filed within the 90-day period required by 19 U.S.C. 1514(b)(2); and (2) in the event a valid protest was filed within this time period, whether the action was commenced in this court within 180 days after notice of denial of such protest, as required by 28 U.S.C. 2631(a).

The case arises as follows: In April 1972, the merchandise here involved—consisting of drill pipe and equipment—was exported from Houston, Tex., to the Ivory Coast, West Africa. Thereafter, in November 1973, the merchandise was entered back into Houston without advancement in value or improvement in condition by any process of manufacture or other means while abroad. Accordingly, plaintiff claimed duty-free treatment for the merchandise under item 800.00 of the tariff schedules as American goods returned. The claim, however, was rejected by Customs because the necessary documentation was lacking. In that circumstance, the merchandise was liquidated on October 18, 1974, under item 610.52 as iron pipe and assessed duty at the rate of 13 percent ad valorem.

On December 4, 1974, plaintiff sent a letter to the district director of Customs at Houston requesting reliquidation of the merchandise pursuant to section 520(c)(1) of the Tariff Act of 1930, as amended (19 U.S.C. 1520(c)(1)).[1] This letter read as follows:

C.E. 03673 of November 28, 1973; Liquidated October 18, 1974; Intairdril Co.; Customs bill number 80100990.
DISTRICT DIRECTOR OF CUSTOMS,
*701 San Jacinto Street,*
*Houston, Tex.*
SIR: In connection with the above reference, please find attached the following documents:

Copy of the export ocean bill of lading at Houston, Tex., executed on April 16, 1972, B/L 8 with attachments as to the items exported.

Copy of the export insurance certificate No. 6894 covering the export shipment.

Atwood Oceanics, Inc., export invoices Nos. 21200, 21201, 21208, 21207, covering the original exportation of this importation.

Copies of the shipper's export declarations Nos. 76830, 76975, 76839, 77037.

International Tool invoice.

Telex of August 17, 1973.

Customs form 3311 completely executed.

This particular entry was placed away through error in our filing system, and only came to light upon liquidation of the entry.

---

[1] Sec. 520(c)(1) authorizes Customs to reliquidate an entry to correct a clerical error, mistake, or fact, or other inadvertence—notwithstanding a valid protest was not filed.

Under the circumstances withe [sic] documents attached and a completed Customs form 3311, we respectfully ask that the entry be reliquidated withe [sic] the cancelation [sic] of the duties assessed as provided for under section 520(c)(1), Tariff Act of 1930, as amended, as an inadvertence, and section 173.3 [sic], Customs Regulations.

Respectfully,

LABAY INTERNATIONAL, INC.,
ALLEN LABAY.

This request for reliquidation was denied by Customs on December 4, 1974, the day of its receipt.

On January 17, 1975, 91 days after liquidation, plaintiff filed a protest on Customs form 19 which was denied on January 27, 1975, as untimely.

On February 4, 1975, plaintiff again wrote to the district director at Houston again requesting review of the entry relying upon section 520(c)(1) and section 173.4 of the Customs Regulations because of plaintiff's inadvertence.

On March 25, 1975, the district director at Houston informed plaintiff that its request for reliquidation in its letter of December 4, 1974, was denied.

On May 9, 1975, plaintiff again filed a protest on Customs form 19 against the refusal to reliquidate under section 520(c)(1). This protest was denied on June 16, 1975.[2]

On September 23, 1976, plaintiff requested accelerated disposition of the letter filed on December 4, 1974. On October 22, 1976, the district director denied this request for accelerated disposition on the basis that he did not consider the letter of December 4, 1974, to be a protest.

On November 18, 1976, plaintiff filed summons No. 76–11–02561 in this court claiming that its alleged protest of December 4, 1974, was denied on October 23, 1976 [sic].

With these facts in mind, we consider now the first question—whether a legally sufficient protest was filed within the 90-day period required by 19 U.S.C. 1514(b)(2). As to this, plaintiff's position is that its letter of December 4, 1974, which was filed after the liquidation of the merchandise on October 18, 1974—was a valid protest. The court agrees.

At the outset, it is to be observed that "a protest is not required to be made with technical precision, but the objections must be distinct, specific, and sufficient to show that the objection made * * * was in the mind of the importer and was brought to the attention of the

---

[2] On Dec. 12, 1975, plaintiff filed a summons against the denial on June 16, 1975, of the protest of May 9, 1975. This summons was denominated Court No. 75–12–03184. However, on Sept. 9, 1977, plaintiff abandoned that action.

collector, so he might have an opportunity to correct his mistake, if any." Sturm, "A Manual of Customs Law" (1974), page 9. However cryptic, inartistic, or poorly drawn a communication may be, it is sufficient as a protest if it conveys enough information to apprise officials of the importer's intent and the relief sought. *Mattel, Inc.* v. *United States*, 72 Cust. Ct. 257, C.D. 4547, 377 F. Supp. 955 (1974). In *Mattel*, it was held that a letter requesting correction under section 520(c) of the Tariff Act of 1930, as amended, and citing a case involving similar merchandise, was sufficient to meet the protest requirements of section 514 of the Tariff Act of 1930 (19 U.S.C. 1514) since it set forth the importer's claim clearly. The reference to section 520(c) was treated as a gratuitous addition. Since the claim was made within the statutory period for filing protests, the court held that it had jurisdiction.

Against this background, it must be concluded that the December 4, 1974 letter was sufficient as a protest since it conveyed enough information to apprise the district director of the importer's intent and the relief sought. Thus, the letter itself and its attachments clearly indicated the entry number, the date of liquidation, the specific merchandise concerned, the dates of export of such merchandise from the Port of Houston, a request that the liquidated duties be canceled, and that plaintiff was claiming the merchandise in question consisted of American goods returned and should be classified as such under item 800.00, free of duty. The fact that the district director treated the December 4, 1974 letter as a section 520(c) request rather than as a section 514 protest is scarcely controlling for "[t]he test for determining the sufficiency of a protest under section 514 * * * is an objective one and is not dependent upon the district director's subjective reaction thereto." *Mattel, Inc.* v. *United States, supra*, 72 Cust. Ct. at 266.

In sum, it is held that the December 4, 1974 letter was a sufficient and timely protest.[3]

But even though this December 4, 1974 letter was a valid protest, the court lacks jurisdiction since the summons was filed on November 18, 1976, more than 180 days after the denial of the protest.

Plaintiff, however, contends that defendant did not provide it with a "notice of denial" as required by 28 U.S.C. 2631. The contention is without merit. The record establishes that plaintiff's request of December 4, 1974, was denied on December 4, 1974, by Customs entry aid, Denzil R. Harrelson, after consulting with his supervisor, Customs import compliance officer, Steve H. Lee, and was written directly on plaintiff's request. Further, the denial was received by

---

[3] At a previous stage in this litigation, defendant moved to dismiss the action for lack of jurisdiction on the sole ground that the Dec. 4, 1974 letter did not constitute a valid protest. That motion was denied.

plaintiff on December 4, 1974, as evidenced by the date stamp of plaintiff, Labay International, on the upper, right-hand side of the letter.

The specific denial is contained in a notation on the bottom of plaintiff's letter of December 4, 1974, and reads as follows:

Allen [Labay]

Steve and I have looked over these documents and there is not anything that we can do about reliquidating.

DENNY H.

The only requirements concerning the form of a denial of a protest are found in 19 CFR 174.29 and 174.30 (1974). 19 CFR 174.29 states in pertinent part:

The district director shall allow or deny in whole or in part a protest filed in accordance with section 514, Tariff Act of 1930, as amended (19 U.S.C. 1514) within 2 years from the date the protest was filed. * * * If the protest is denied in whole or in part the district director shall give notice of the denial in the form and manner prescribed in section 174.30.

19 CFR 174.30 states in pertinent part:

(a) *Issuance of notice.*—Notice of denial of a protest shall be mailed to any person filing a protest or his agent in all cases * * * For purposes of section 515(a), Tariff Act of 1930, as amended (19 U.S.C. 1515(a)), the date appearing on such notice shall be deemed the date on which such notice was mailed.

Plaintiff does not dispute that during the period in question, Customs entry aid Harrelson and Custom import compliance officer Lee had authority to act for the district director on this matter. Therefore, since the court has held that the December 4, 1974 letter is a valid protest, it necessarily follows that the protest was denied on the same date by the notation on that letter.

There is no precise form that a denial of a protest must take. Thus in *Ogden Marine, Inc.* v. *United States*, 60 CCPA 110, C.A.D. 1090, 473 F. 2d 1405 (1973) a carbon copy of a protest was returned to the plaintiff with notations of denial thereon. The court held that this constituted a valid "notice of denial" because "(n)otice of 'denial' is all that the statute requires. Nor * * * (is) it mandatory that the form be labeled in any particular manner so long as the necessary information is unequivocally conveyed to the proper party." 60 CCPA at 112. Similarly in the present case, Customs unequivocally conveyed to plaintiff notice that the request in its December 4, 1974 letter for duty-free entry as American goods returned was denied.

What is more, even assuming contrary to the actual situation that the notation on the December 4, 1974 letter was not sufficient, cer-

tainly Customs letter of March 25, 1975, was a plain and explicit denial. For on March 25, 1975, the district director wrote plaintiff stating in part:

> 6. Your letter, received December 4, 1974, requested that the entry be reliquidated with the cancellation of the duties assessed under section 520(c)(1), Tariff Act of 1930, as an inadvertence. You attached what you described as a completed CF 3311. This document was not acceptable. *Your request was denied.* [Italic added.]

> \* \* \* \[Y]ou were notified on four separate occasions of the necessity of providing evidentiary documents in order for liquidation or reliquidation to be made under TSUS 800.00. It is the opinion of this office that the failure to file required documents whose absence was repeatedly called to your attention constitutes negligent inaction on your part.

> Your unsatisfactory untimely efforts to effect correction did not contribute to a solution to this problem. It is the position of this office that relief under section 520(c)(1), Tariff Act of 1930, *cannot be granted.* [Italic added.]

The court is mindful that the summons filed in this action claims that plaintiff's protest was denied on October 23, 1976. This is presumably based on plaintiff's request of September 23, 1976, for accelerated disposition of its letter of December 4, 1974. However, this request for accelerated disposition was nothing more than a meaningless act since plaintiff's letter of December 4, 1974, had already been denied previously.

Finally, plaintiff contends that the denials of December 4, 1974, and March 25, 1975, were no more than denials of its December 4, 1974 request for reliquidation under section 520(c). But plaintiff cannot have it both ways. Plaintiff cannot contend on the one hand that the claim in its letter of December 4, 1974, was a valid protest and on the other hand argue that denial of this claim was not denial of a protest. If the letter of December 4, 1974, is to be considered a valid protest by the court (and, as previously discussed, the court so considers it), then Customs denial of the claim contained in that letter was necessarily a denial of the protest.

It is therefore held that since the summons in this action was filed November 18, 1976, more than 180 days after the denials of December 4, 1974, and March 25, 1975, the action is time-barred by 28 U.S.C. 2631 and is hereby dismissed.