A. GIURLANI & BROS., INC., PLANTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–8–01171

Before DiCARLO, *Judge.*

(Decided February 12, 1985)

*Bellsey & Baker (Steven W. Baker)* for plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Judith M. Barzilay)* for defendant.

DiCARLO, *Judge:* Spanish olives entered by the plaintiff were liquidated on September 3, 1982, and classified as "olives, otherwise prepared or preserved" under item 148.5600, Tariff Schedules of the United States Annotated (TSUSA) (1982).

On November 16, 1982, plaintiff's customs broker sent a letter to the United States Customs Service (Customs) at Terminal Island, California, which read in part:

> We respectfully request that the above-mentioned entry be liquidated with a duty refund under the provision of *Section 520(c)(1)* [emphasis added] of the Tariff Act of 1930, as amended, due to the following reasons:
>
> [ ] Clerical error
> [X] Incorrect classification and/or duty rate
> [ ] Error in value computation
>
> Reasons:
> Olives in brine, under 148.5600/5¢ ................. $58,259.65
> Should be under 148.4440/20¢/gal.[1] ................ 40,884.00
> Refund due ............................................. 17,375.65
> Copy of duty ruling by San Francisco Customs attached.
> Duty Paid .............................................. $58,832.36
> Should be............................................... 41,457.21
> Refund due ............................................. 17,375.65

The letter included, *inter alia,* plaintiff's name, the broker's name and address, the entry numbers, and dates of entry and liquidation.

On February 11, 1983, the Acting District Director at Terminal Island sent plaintiff's broker a letter which read in part:

> Action has been taken on your claim dated 11–16–82 as shown below.
>
> *       *       *       *       *       *       *
>
> (X) Denied .............. ( ) The claim is not correctable under
> ( ) No proof was submitted to substantiate your claim.
> ( ) Claim was filed untimely.
> (X) Other: The San Francisco ruling is not binding. Presence of any vinegar removes the item from TSUS 148.4440. No reliquidation will be performed.

On April 7, 1983, plaintiff filed a protest under Section 514(a)(7) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514(a)(7), challenging Customs' refusal to grant relief under section 520(c) of the Tariff

---

[1] The case of *Academy Broadway Corp.* v. *United States,* No. 80–1–00220, has been consolidated with the instant matter for all purposes. The issues of law involved in both cases are identical. The merchandise involved in Court No. 80–1–00220 consists of chest-high, rather than hip-high, waders.

Act of 1930, as amended, 19 U.S.C. 1520(c) (1982). Section 514(a)(7) allows protest of a Customs' denial of a "request to reliquidate an entry" under Section 520(c). Section 520(c) permits Customs to correct "a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law * * *." This protest was denied on April 22, 1983.

Plaintiff filed the summons on August 10, 1983 challenging the denial of the relief sought in its letter of November 16, 1982, which it now claims was a protest under section 514(a)(2), and denial of its April 7, 1983 protest. Section 514(a)(2) provides for protest of a Customs' decision regarding "classification and rate and amount of duties chargeable * * *."

On May 4, 1984, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment on July 10, 1984.

Defendant contends that the November 16, 1982 letter "cannot constitute a section 514 protest by virtue of its contents and the fact that it was specifically labeled a section 520(c) 19 U.S.C. § 1520(c) request by an experienced customs broker."[2]

Therefore, says the defendant, Customs' letter of February 11, 1983, was not a denial of a protest under section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515 (1982), and the Court does not have jurisdiction under 28 U.S.C. § 1581(a) (1982).[3]

The Court holds that the customs broker's letter of November 16, 1982, constituted a valid protest under section 514, and Customs' letter of February 11, 1983, was a denial of the protest under section 515.

Section 514(c)(1), 19 U.S.C. § 1514(c)(1), requires that a protest be in writing "setting forth distinctly and specifically each decision * * * as to which protest is made; each category of merchandise affected by each such decision as to which protest is made; and the nature of each objection and reasons therefor."

In determining whether these requirements have been met, the Supreme Court held:

> [T]echnical precision is not required; but the objections must be so distinct and specific, as, when fairly construed, to show that the objection * * * was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect * * *.

*Davies* v. *Arthur*, 96 U.S. 148, 151 (1878), as quoted in *American Mail Line, Ltd.* v. *United States*, 34 CCPA 1, 6, C. A.D. 335 (1946) *Mattel, Inc.* v. *United States*, 72 Cust. Ct. 257, 262, C.D. 4547, 377 F. Supp.

---

[2] Defendant's Reply to Plaintiff's Response to Defendant's Cross-Motion for Summary Judgment, at 2.

[3] 28 U.S.C. § 1581(a) provides this Court with "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."

Defendant concedes that the Court has jurisdiction to consider the denial of plaintiff's April 7, 1983 protest challenging the refusal of Customs to grant reliquidation under section 520(c). The Court does not reach this claim.

955, 960 (1974) ("however cryptic, inartistic, or poorly drawn a communication may be, it is sufficient as a protest * * * if it conveys enough information to apprise knowledgeable officials of the importer's intent and the relief sought")[4]

The November 16, 1982, letter contained all the elements required by section 514(c)(1). It objected to classification of the merchandise under item 148.5600, TSUSA, and sought its reclassification, and reliquidation, under item 148.4440, TSUSA.

Further, Customs treated the November 16, 1982 letter as a protest. It evaluated the claim as challenging the legal consequences of the presence of vinegar in the liquid in which the olives were imported and denied plaintiff's request for reliquidation because the "[p]resence of any vinegar removes the item from TSUS 148.4440."

The labeling of the letter as a request under section 520(c) did not invalidate it as a protest under section 514.

In *Mattel, Inc.* v. *United States* and *Labay International, Inc.* v. *United States,* 83 Cust. Ct. 152, C.D. 4834 (1979) the Court held that letters by importers seeking reliquidation under section 520 sufficently informed Customs of the importer's intent to challenge classifications to constitute timely protests under section 514. In each case the Court "treated as a gratuitous addition" the reference to section 520(c) in the importer's letters. *Labay,* 83 Cust. Ct. at 155 (discussing *Mattel*).

The defendant attempts to distinguish *Mattel* and *Labay* on the ground that the letters in those cases were written by nonprofessional employees of the plaintiffs while the letter in this action was prepared by an experienced, licensed customs broker using a form.[5]

This distinction does not change the result. The sufficiency of a protest is not dependent upon the expertise of the drafter.

Since the importer's letter clearly stated the claim of the importer and was filed within the time required by section 514 it constituted a protest under section 514. Customs' letter of February 11, 1983, was a denial of the protest under section 515 and the Court has jurisdiction of plaintiff's challenge to the denial under 28 U.S.C. § 1581(a). Defendant's motion for summary judgment is denied.

Plaintiff's motion for summary judgment is also denied.

The Court may not grant a motion for summary judgment where there is a genuine issue of material fact to be tried. *United States* v. *Mobay Corporation,* 65 CCPA 53, 59, C.A.D. 1206, 576 F.2d 368, 373 (1978). "When deciding summary judgment motions the court should resolve all ambiguities and draw all reasonable inferences in favor of

---

[4] The standard employed in *Mattel* for determining the sufficiency of a protest has been cited in *Old Republic Insurance Co.* v. *United States,* 8 CIT 1, Slip Op. 84–80 (July 6, 1984); *F. W. Myers & Co.* v. *United States,* 6 CIT 299, Slip Op. 83–132 (Dec. 16, 1983); *American Export Lines, Inc.* v. *United States,* 85 Cust. Ct. 20, 25, C.D. 4864 (1980). *See also Benito Fernandez Pantoja* v. *United States,* 83 Cust Ct. 170, 172, C.R.D. 79–17 ("where the claim is obvious, a failure to state specific provisions of law is not fatal to the sufficiency of a protest").

[5] The defendant cites *Continental Ore Corp.* v. *United States,* 67 Cust. Ct. 202, C.D. 4274 (1971) and *Sanford Steel Pipe Products Co.* v. *United States,* 68 Cust. Ct. 113, C.D. 4346, 339 F. Supp. 1273 (1972). Neither case holds that customs brokers must meet a higher standard of technical precision in drafting protests than other persons.

the party against whom summary judgment is sought." *Yamaha International Corp.* v. *United States,* 3 CIT 108, 109 (1982) (citing *United States* v. *Diebold, Inc.* 369 U.S. 654, 655 (1962)); *see S.S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, C.R.D. 76–6 (1976).

Defendant says that the vinegar permanently affected the flavor of the olives, and they therefore cannot be classified as "provisionally preserved" within headnote 1 (c) to Subpart B, Part 9, Schedule 1, TSUSA, defining "in brine." Plaintiff maintains that the vinegar did not permanently affect the tast of the olives.

Plaintiff says the olives were not edible in their imported condition, and therefore cannot be classified as "otherwise prepared or preserved" under item 148.5600, TSUSA. Defendant denies that the olives were not edible

These are genuine issues of material fact for trial.