(C.D. 2475)

UNITED CHINA & GLASS CO. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided July 22, 1964)

*Stein & Shostak* for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Harold L. Grossman,* trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: When these cases were called for trial in New Orleans on February 6, 1964, defense counsel moved to dismiss the protests, on the ground that they were not timely filed. He represented to the court that the merchandise covered by these protests was entered at the port of New Orleans, under warehouse entry No. 167, dated November 24, 1950, and that the entry was liquidated at New Orleans more than 12 years thereafter, on May 23, 1963. Protests against liquidation were filed within 60 days after liquidation, namely, on July 19, 1963, but with the collector at San Francisco.

The protests were forwarded by the San Francisco collector to the New Orleans collector on September 10, 1963. That was more than 60 days after liquidation.

For the purposes of a motion to dismiss, dates and other facts shown on the official papers are, absent contrary evidence, taken to be correct. Here, such dates and facts support the representations of defense counsel.

There are, within the customs service, many customs districts and ports of entry, with a collector or deputy collector in charge of each. 19 U.S.C.A., section 1, and annotations; 19 CFR 1.1. Section 514, Tariff Act of 1930, provides that all decisions of a collector shall be final and conclusive on all persons 60 days after liquidation, unless prior to the expiration of the 60-day period the importer, consignee, or his agent shall have filed a protest in writing *with the collector* setting forth the protest claim. Section 515 provides that *upon the filing of such protest,* the collector shall within 90 days thereafter review *his* decision.

It would appear that the protest, authorized by section 514, should be filed with the same collector who liquidated the merchandise, and whose protested decision it is for which review is sought.

In *Bond, Schoeneck & King* v. *United States,* 51 Treas. Dec. 766, T.D. 42203, protests filed with the deputy collector at Syracuse, a subport, within 60 days after liquidation, were held to be timely filed, even though the Syracuse deputy collector failed to forward the protests to his port collector at Rochester until after the expiration of the 60-dy protest filing period. There were regulations requiring

a deputy collector to transmit such documents to his collector. The court said:

To hold otherwise would be to make this liberal procedure into a catch procedure, and make the timeliness of a protest depend on the diligence with which a protest was forwarded to the central office by the deputy collector at the subport. * * * [p. 769].

This decision was made under the 1922 Tariff Act. Even if it were to be found decisive in like circumstances under the present law and regulations, we deem it not applicable to the situation before us. San Francisco is not a subport under the jurisdiction of the New Orleans collector. It is a port under the jurisdiction of another collector. No decision either of the collector at San Francisco or of any of his deputies was protested.

This appears to be a case of novel impression. We hold that the collector to whom section 514 refers, is the collector whose decision is protested. The filing of protests, by whim or negligence, with some one or another of the many collectors in the United States, seems to us not to have been intended by Congress in enacting sections 514 and 515.

The motion of defendant is granted. These protests are dismissed on the ground that they were not timely filed with the New Orleans collector, whose decision was the subject of protest.

Judgment will be entered accordingly.