(C.D. 4191)

UNITED CHINA & GLASS CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 24, 1971)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*L. Patrick Gray, III,* Assistant Attorney General (*Glenn E. Harris* and *Velta A. Melnbrencis,* trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: This case involves chinaware, described on the invoice as, Item 1305, Fancy A-D Cups and Saucers, leaf shape, four assorted shapes and decorations, which were exported from Japan on October 27, 1950, unladen at San Francisco, shipped in bond to New Orleans, Louisiana, and entered there on November 24, 1950, under warehouse entry No. 167, as "dec china cups & saucers" under paragraph 212 of the Tariff Act of 1930 at a rate of 10¢ per dozen pieces and 70% ad valorem, and classified under paragraph 212 as decorated china "tableware" and assessed with duty at a rate of 10¢ per dozen pieces and 70% ad valorem. Liquidation was May 23, 1963, almost thirteen years after entry, which delay according to plaintiff's counsel was due to litigation on a reappraisement issue.

On July 19, 1963, fifty-seven days after liquidation, plaintiff filed protest Nos. 63/19389 and 63/19390 under section 1514 of Title 19 U.S.C.A. (Tariff Act of 1930, section 514), against the liquidation with the collector at San Francisco, who forwarded them to the collector at New Orleans, the port of entry, on September 10, 1963, one hundred ten days after liquidation. The filing of these protests at the proper port being more than sixty days after liquidation was dismissed for untimely filing under said section 1514 at New Orleans on motion of the defendant. *United China & Glass Co.* v. *United States,* 53 Cust. Ct. 68, C.D. 2475 (1964).

January 6, 1964, plaintiff's petition dated January 2, 1964 was filed with the collector at New Orleans (plaintiff's exhibit 4) under section 1520(c)(1) of Title 19 U.S.C.A. (Tariff Act of 1930, section 520(c) (1)), hereinafter referred to only as section 1520(c)(1), and section 16.13 of the Customs Regulations, requesting the collector to reliquidate the entry, notwithstanding that a valid protest had not been filed, claiming that the assessment of duty on item 1305 constituted a clerical error, mistake of fact, or other inadvertence in the liquidation not amounting to an error in the construction of law, inasmuch as the merchandise is similar in all material respects as the merchandise covered by *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company*, 47 CCPA 1, C.A.D. 719 (1959), which was held "not tableware" dutiable at only 50¢ per dozen pieces, but not less than 45% nor more than 70% ad valorem under paragraph 212; and that the application of C.A.D. 719 to item 1305 had been recognized by the collector of customs at New Orleans in a number of other entries liquidated at New Orleans prior to the date of liquidation of warehouse entry 167, with item 1305 having been classified as decorative china other than tableware, and assessed with duty at the reduced rate claimed applicable by the plaintiff.

July 15, 1964, the collector denied plaintiff's request for reliquidation giving as his reason: "[T]his alleged error is not correctible under Section 520, Tariff Act of 1930" (plaintiff's exhibit 6).

September 11, 1964, plaintiff filed this protest against the collector's decision refusing to reliquidate the entry, pursuant to its request filed under section 1520(c)(1).

November 4, 1964, the collector denied the protest stating "The filing of an untimely protest is not considered an error correctible under section 520(c)(1), Tariff Act of 1930," and cited *United China & Glass Co.* v. *United States*, 53 Cust. Ct. 68, C.D. 2475 (1964), as the basis of affirmation.

September 28, 1966, following the plaintiff's opening statement at the trial in New Orleans, the government moved to dismiss the protest for lack of jurisdiction, contending that the inclusion of item 704 in the protest goes beyond item 1305, which is the only item on which plaintiff sought to invoke the provisions of section 1520(c)(1), and, thus the protest as to item 704 should be dismissed. The government also moved to dismiss for lack of jurisdiction, in that section 1520(c)(1) requires that the alleged clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer in liquidation be brought to the attention of the collector within 60 days after liquidation, when liquidation has been made more than ten months after date of entry. It is

the government's position that the application for correction in this case was not brought within that 60 days, but was filed more than seven months after the date of liquidation, and thus the protest is not timely and does not properly invoke the provisions of section 1520(c)(1).

The trial judge at New Orleans took the motion to dismiss under advisement, reserving decision for the Third Division, and permitted the plaintiff to present evidence on the substantive issue. Through its witness Jerome Levy, vice president of plaintiff in charge of imports and exports during the time of importation of the subject merchandise, plaintiff identified item 1305 to show that in several protests involving entries of similar merchandise of the same importer at New Orleans which were liquidated or reliquidated prior to the instant liquidation, the merchandise had been classified as "not tableware."

The case was first submitted at New Orleans September 28, 1966. The submission was later set aside and the case transferred to Houston, Texas for the purpose of permitting the plaintiff to take the testimony of Mr. Harry G. Kelly, district director at Houston and who was chinaware examiner at New Orleans from 1957 until 1962 when he was transferred to Houston. Mr. Kelly identified item 1305 on the entries involved in the several protests referred to by Mr. Levy, plaintiff's earlier witness in New Orleans. Following Mr. Kelly's testimony the case was resubmitted at Houston March 11, 1969.

The questions raised by this record are:

1. Is plaintiff's petition dated January 2, 1964 and filed at New Orleans January 6, 1964, more than sixty days, but within one year, after liquidation May 23, 1963, a timely request for liquidation under section 1520(c)(1) and section 16.13 of the Customs Regulations so that the Customs Court has jurisdiction?

2. If question 1 is answered in the affirmative, is the classification of item 1305 in the liquidation of warehouse entry 167, as "tableware," and the assessment of duty at 70% ad valorem and 10 cents per dozen pieces under paragraph 212 of the Tariff Act of 1930, due to a clerical error, mistake of fact, or other inadvertence not amounting to an error in construction of the law, in view of the decision in *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Co., supra*, holding similar merchandise to be "not tableware"?

Inasmuch as plaintiff has abandoned its claim as to item 704, the protest as to this item is dismissed.

We are of the opinion that plaintiff's request for liquidation under sectioon 1520(c)(1) and section 16.13 of the Customs Regulations is untimely. Therefore, the Customs Court does not have jurisdiction and the defendant's motion to dismiss the protest for untimeliness should be granted.

Section 1520(c)(1) provides that:

> (c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

>> (1) a clerical error, mistake of fact, or other inadvertence *not amounting to an error in the construction of a law*, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or *within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction; . . .*" [Emphasis added].

Section 16.13((b) of the Customs Regulations incorporates the provisions of section 1520(c)(1).

The statute and the Customs Regulations are clear that in order for the Customs Court to assume jurisdiction of a protest against a refusal to reliquidate for clerical error, not amounting to an error in the construction of a law, the clerical error complained of must have been "brought to the attention of the customs service . . . within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement or transaction; . . . ." The entry in this case was made November 24, 1950, and liquidated May 23, 1963. The clerical error complained of was brought to the attention of the customs service by plaintiff January 6, 1964. Since the liquidation was over twelve years from the date of entry it was incumbent upon plaintiff to have registered its complaint of clerical error within 60 days of the liquidation. Filing its petition over seven months after liquidation comes too late.

Also, the plaintiff's request to correct a clerical error is actually an attempt to correct an error of judgment on the part of the collector in making a classification of the merchandise contrary to a decision of the court, which is a mistake in the applicable law. *United States* v. *Imperial Wall Paper Co.*, 14 Ct. Cust. Appls. 280, T.D. 41886 (1926). Plaintiff's remedy was to file a protest under section 1514 of Title 19 of U.S.C.A. (section 514, Tariff Act of 1930, as amended) within 60 days after liquidation.

Since plaintiff is seeking to correct an error amounting to an error in the construction of a law and its protest was filed after the expiration of the time limitation imposed by section 1514 of Title 19 of U.S.C.A. (section 514, Tariff Act of 1930, as amended) for the filing of protest to correct such errors the court is without power to entertain it. It, therefore, follows that the claim presented in plaintiff's

protest is not before the court for decision, and the protest must be dismissed for lack of jurisdiction. *Fibrous Glass Products, Inc.* v. *United States*, 63 Cust. Ct. 62, C.D. 3874 (1969), appeal to CCPA dismissed 6/29/70.

Judgment will be entered accordingly.