(C.D. 4368)

UNITED FLOWERS, INC. v. UNITED STATES

(Dated July 25, 1972)

*Nathan, Mannheimer, Asche, Winer & Friedman* (*A. J. Asche* of counsel) for the plaintiff.

*Harlington Wood, Jr.,* Assistant Attorney General (*James Caffentzis,* trial attorney), for the defendant.

WATSON, Judge: Defendant has moved to dismiss the protest in this case on the ground it was not filed with the district director[1] in Houston, Texas within sixty days after liquidation of the entries involved. The untimeliness of the protest contained in the official record is evident from its stamped receipt date of May 1, 1968, two days later than the last permissible date of April 29, 1968, a circumstance which is not denied by plaintiff.

This protest, however, refers to itself as a confirmation and reiteration of a protest sent by telegram on April 29, 1968, a copy of which is attached to plaintiff's opposition to the motion to dismiss. The copy indicates that it was sent on April 29, 1968 and was addressed to "Regional Commissioner of U.S. Customs and Collector of Customs, 515 Rusk Ave., Houston, Texas."

Defendant has supplied affidavits indicating that the telegram in question was not received on April 29 by the district director.[2]

---

[1] Prior to the period involved the post of district director had replaced that of collector of customs. Plaintiff's use of the title "Collector" in its communications, is not considered a defect and has not affected the outcome herein.

[2] The additional affidavits supplied by defendant of nonreceipt by the regional commissioner of customs were not necessary since the regional commissioner is not a person designated to receive protests under section 514 of the Tariff Act of 1930 (46 Stat. 734). *Cf. United China & Glass Co.* v. *United States,* 53 Cust. Ct. 68, C.D. 2475 (1964).

The affidavits of nonreceipt, coupled with the fact that the telegram was addressed primarily to the wrong official, "Regional Commissioner of U.S. Customs", at an incorrect address, operate to cast serious doubt on the filing of the protest. Whatever presumption exists of receipt in the normal course of events [3] and whatever favorable suppositions may be made concerning the speed with which a telegram should be delivered, is dissipated by the erroneous primary addressee and the erroneous address. These irregularities cast doubt on the receipt of the protest, and the affidavits of the appropriate employees in the district director's office confirm these doubts.

Since it is the filing [4] of the protest which is of the essence herein and since said filing does not appear to have taken place before the expiration of sixty days from the date of liquidation, this protest must be dismissed for lack of jurisdiction. It is therefore

ORDERED, ADJUDGED AND DECREED, that said protest is untimely filed and the motion to dismiss is hereby granted, and it is further

ORDERED, that said protest be, and the same hereby is, dismissed.

(C.D. 4369)

[3] See *Wagner Tractor, Inc.* v. *Shields*, 381 F. 2d 441, 445, 446 (C.A. 9, 1967).

[4] See, *United States* v. *Thompson-Starrett Co.*, 12 Ct. Cust. Appls. 28, T.D. 29896 (1923).