Po-Chien, Inc., plaintiff *v.* United States, defendant

Court No. 80–9–01470

Before Newman, *Judge.*

(Decided January 8, 1982)

*Glad & White,* Esqs. (*Edward N. Glad* on the briefs) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Barbara M. Epstein,* Esq., on the brief), for the defendant.

Newman, *Judge:* Plaintiff has moved for summary judgment on the merits, respecting the classification of certain merchandise, exported from the People's Republic of China; and defendant has cross-moved to dismiss on jurisdictional grounds, viz., that the requisite administrative protest was not filed with the district director at Los Angeles, the port of entry, within ninety days after liquidation of the entry involved.[1]

28 U.S.C. § 1582(c) sets forth the jurisdictional predicate relied on by defendant:

> The Customs Court shall not have jurisdiction of an action unless (1) either a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended [19 USCS § 1514], and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended [19 USCS § 1515] * * *.

19 U.S.C. § 1514(c)(1), as in effect in 1979, provided:

> A protest of a decision under subsection (a) of this section shall be filed in writing with the appropriate customs officer designated in regulations prescribed by the Secretary, setting forth distinctly and specifically each decision described in subsection (a) of this section as to which protest is made; each category of merchandise affected by each such decision as to which protest is made; and the nature of each objection and reasons therefor.

Customs Regulation 19 CFR § 174.12(d) provides:

> Protests shall be filed with the district director whose decision is protested except that, when the entry underlying the decision protested is filed at a port other than the district headquarters, the protest may be filed with the port director at that port.

---

[1] Plaintiff entered merchandise invoiced as Wu-Cha Ginseng on August 31, 1979. Customs classified it under item 439.50, TSUS, as modified by T.D. 68/9. Plaintiff has moved for summary judgment on the ground that the correct classification is under item 439.30, TSUS, as modified, *supra.*

While this Court is ever mindful of our appellate court's admonition that denial of jurisdiction for insufficiency of a protest should be granted sparingly,[2] plainly here, a protest was neither made nor received within the statutory period and consequently defendant's cross-motion to dismiss must be granted. Accordingly, the merits of plaintiff's classification claim will not be reached. *United States* v. *Boe*, 64 CCPA 11, 21 C.A.D. 1177, 543 F.2d 151 (1976).

### 1.

Pursuant to statute and regulation, a protest should be sent to the district director whose decision is protested, in this case the Director of the Los Angeles/Long Beach District. Plaintiff argues that its letter, dated May 19, 1980 and mailed within ninety days of liquidation to "U.S. Customs Service" at an address different from that of the designated official, suffices as a protest. In support of defendant's position that no jurisdictional basis for this action exists, it has submitted three affidavits establishing that the letter was never received by the appropriate customs officials. By ignorance of the legal requirements or inadvertence, plaintiff addressed its communication to the wrong office, at the wrong address. Quite understandably, plaintiff's letter was never received at the Los Angeles/Long Beach District, the proper p'ace for the fi'ng o' a prote t. Assuming, *arguendo*, that the letter constituted a "protest", plaintiff failed to fulfill an essential filing requirement for jurisdiction to vest in the court. *United Flowers, Inc.* v. *United States*, 69 Cust. Ct. 25, C.D. 4368 (1972); *United China & Glass Co.* v. *United States*, 53 Cust. Ct. 68, C.D. 2475 (1964); *Psaki Bros.* v. *United States*, 3 Ct. Cust. Appls. 479, T.D. 33122 (1939).

### 2.

Moreover, plaintiff's letter itself—no matter how "stretched"—does not meet the well established minimal requirement that a protest needs to advise the director of the importer's intent to assert a claim against the government. See *American Export Lines, Inc.* v. *United States*, 85 Cust. Ct. 20, C.D. 4864, 496 F. Supp. 1320 (1980); *Mattel, Inc.* v. *United States*, 72 Cust. Ct. 257, C.D. 4547, 377 F. Supp. 955 (1974).

It has long been held, as stated in *The George C. Whitney Co.* v. *United States*, 16 Ct. Cust. Appls. 301, 303, T.D. 42874 (1928):

> The statute requiring a protest on the part of importers was not designed for men learned in the law and trained in the niceties in pleading but for men engaged in commerical pursuits. Strict

---

[2] *United States* v. *Eaton Mfg. Co.*, 60 CCPA 23, C.A.D. 1076, 469 F.2d 1098 (1972).

rules of construction are not applicable to protests and it is sufficient if the importer indicates distinctly and definitely the sources of his complaint *and his desire to make it a foundation of a claim against the government.* * * * [Emphasis added.]

Given that standard, plaintiff's letter of May 19, 1980 manifestly is not a protest. That letter, in its entirety, reads:

U.S. CUSTOMS SERVICE
P.O. Box 2071
Los Angeles, California 90053

Gentlemen:
In regard to your third notice of liquidation and invoice, entry no. 79.242840, bill no. 33283560.

When I received a notice for duty advance in December 1970, I wrote to Mr. J. G. Burke of U.S. Customs and then went to terminal island and spoke with him personally. I told him that the Chinese said that there was no alcohol in the product of that shipment and it contained only water.

As late as May 7th of this year, I spoke with the Chinese herbal delegate from Harbin, China, the place of manufacture of this product and again was assured that it was a water extract only, just as shown on the label and the first bill of lading.

If customs does find alcohol in this product, I would appreciate it if they will give me the laboratory results and I will complain to Harbin, China and ask them to pay the additional duty. Until then, I would appreciate it if you will hold this bill until this matter can be settled to the satisfaction of all.

Sincerely,

DAVID C. CHU,
*Po-Chien, Inc.*

In essence, plaintiff requests the results of the government's laboratory analysis concerning the alcoholic content of the merchandise, and further states only that it shall "ask them [i.e. the Chinese exporters] to pay the additional duties". Thus, no indication is contained in such letter that plaintiff sought, or even contemplated, relief from the government's liquidation of the entry under item 439.50, TSUS. To the contrary, plaintiff clearly stated its then present intent to seek redress from its exporters and did not mention even the possibility of a claim against the government. Indeed, the letter lacks not merely "the niceties of pleading", *The George C. Whitney Co.* v. *United States, supra,* but the very character of content necessary to constitute a protest. There simply is no construction, however liberal, to be given this letter from which one could reasonably infer any intention to protest the government's classification decision.[3] See also: *Pantoja* v. *United States,* 83 Cust. Ct. 170, 172, C. R.D. 79–17 (1979); *Labay International, Inc.* v. *United States,* 83

---

[3] Obviously, the May 19th letter does not purport to meet the minimal requirements of a protest as prescribed by 19 CFR § 174.13(a).

Cust. Ct. 152, 155, C.D. 4834 (1979); *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abs. 64258 (1960).

In short, neither the content of plaintiff's letter nor its flawed filing is sufficient to constitute and effect the protest requisite to the court's jurisdiction.

Accordingly, this Court is constrained to hold that defendant's cross-motion to dismiss for lack of jurisdiction is hereby granted; and that this action is dismissed.