LESTER ENGINEERING COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 80–11–00010

Before NEWMAN, *Judge.*

(Decided June 22, 1982)

*Baker & Hostetler,* Esqs. (*Frank T. Black,* Esq., on the briefs) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General (*Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, and *Barbara M. Epstein,* Esq., on the briefs), for the defendant.

## Introduction

NEWMAN, *Judge:* Plaintiff challenges the denial of its protest against the refusal by Customs at Cleveland, Ohio to reliquidate an entry of die casting machine parts imported from England (entry No. 101521 of November 4, 1976) in accordance with 19 U.S.C. § 1520(c)(1). At issue is defendant's motion to dismiss the action pursuant to rule 12 for lack of jurisdiction; or alternatively, for failure of the complaint to state a claim upon which relief can be granted.

For the reasons indicated, defendant's motion to dismiss is denied.

Briefly, the undisputed facts are:

Plaintiff entered the subject merchandise on November 4, 1976, but for reasons not apparent from the official record, the entry was not liquidated until February 10, 1978, some fifteen months after entry. It appears that prior to liquidation, Customs requested plaintiff to submit certain information relative to the values of the imported merchandise; plaintiff concededly failed to furnish such information.

Further, the official papers reveal that the entered values were substantially advanced by Customs [1] resulting in an increase in duties—some 700%—from $2,111.85, as entered, to $16,419.56, as liquidated, or an increase upon liquidation of $14,307.71. Inexplicably, plaintiff took no action respecting the appraised values of the

---

[1] The following notation was placed on the special Customs invoice by the appraising officer: "APPRAISED AT INVOICE UNIT VALUES PLUS 500%, NET, PACKED, PLUS ENGINEERING & R&D ASSISTS VALUED AT £50,000.00—ADV".

merchandise for *eight months* after liquidation when, on October 10, 1978, plaintiff requested reliquidation of the entry under the authority of section 1520(c)(1), *supra.* By a letter dated November 27, 1978, the district director at Cleveland denied plaintiff's request for reliquidation of the entry under section 1520(c)(1) solely on the ground that: "this situation involves an error in the construction of the law which could have been remedied had [plaintiff] filed a protest under Section 514 within 90 days of the liquidation date". Plaintiff subsequently filed a timely protest against this refusal to reliquidate the entry, which protest was denied.

## Opinion

### I

The gravamen of plaintiff's complaint is that the liquidation involved a clerical error, mistake of fact or other inadvertence not amounting to an error in the construction of the law, viz., Customs imposed erroneous appraised values on the merchandise that should be corrected by reliquidation pursuant to 19 U.S.C. § 1520(c)(1). Defendant has disputed the Court's jurisdiction on the ground that plaintiff's request for reliquidation under section 1520(c)(1) was untimely.

It is well settled that in an action to contest the refusal of a request for reliquidation under section 1520(c)(1), plaintiff must show that its request was timely filed. *St. Regis Paper Co.* v. *United States,* 2 CIT 190, Slip Op. 81–100 (1981); *United States China & Glass Co.* v. *United States,* 66 Cust. Ct. 207, C.D. 4191 (1971). And as very recently pointed up by Judge Watson, "[o]bviously, if the plaintiff did not request reliquidation within the time provided by law, an essential jurisdictional prerequisite to the bringing of such an action is lacking". *Adorence Company, Inc.* v. *United States,* 3 CIT 81, Slip Op. 82–24 (1982), appeal pending.

Since defendant has raised a threshold jurisdictional issue, the burden fell on plaintiff, the party asserting jurisdiction, to show that jurisdiction existed. *Hambro Automotive Corporation* v. *United States,* 66 CCPA 113, C.A.D. 1231, 603 F. 2d 850 (1979). I find that plaintiff has sustained its burden.

The provisions of 19 U.S.C. § 1520(c)(1), in effect at the relevant time, required that "a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law * * * [be] brought to the attention of the customs service within one year after the date of entry, or transaction, *or within ninety days after liquidation or exaction when the liquidation or exaction is made more than nine months after the date of the entry or transaction."* [Emphasis added.]

Defendant argues that the action must be dismissed due to plaintiff's failure to request reliquidation within ninety days after liqui-

dation, inasmuch as the liquidation was effected more than nine months after the date of the entry.

Plaintiff, however, insists that its request for reliquidation was timely, relying upon Customs regulation 19 CFR § 173.4(c), in effect at the time of plaintiff's request. That regulation, in pertinent part, reads:

> (c) *Limitation on time application.* A clerical error, mistake of fact, or other inadvertence meeting the requirements of paragraph (b) of this section, must be brought to the attention of the district director:
>> (1) *Within 1 year after the date of entry, or other transaction (including liquidation,* reliquidation, or exaction) if the error, mistake of fact, or other inadvertence is in the entry, or other transaction (including a liquidation, reliquidation, or exaction), or
>> (2) Within 90 days after liquidation or exaction when the liquidation or exaction is made more than 9 months after the date of entry, or other transaction, *except that in cases where the error originates in the liquidation, reliquidation, or exaction, the 1-year limitation provided for in subparagraph (1) of this paragraph shall apply.* [Emphasis added.]

Predicated upon the foregoing regulation, plaintiff contends that the alleged appraisement error *originated* in the liquidation on February 10, 1978, and therefore plaintiff had one year from the date of liquidation to bring the error in appraisement to the attention of Customs. On that basis, plaintiff maintains that its request for reliquidation on October 10, 1978 was timely.

Defendant, however, maintains that plaintiff's reliance on the regulation is misplaced because the alleged error was the importer's failure to submit information concerning the value of the merchandise, and hence if there was an error within the ambit of section 1520(c)(1), such error "occurred at entry, and not liquidation" (Reply brief, at 3).

At this juncture, the issues presented concern the identity of the error alleged by plaintiff and whether such error "originated" in the liquidation within the purview of section 173.4(c) of the Customs regulations. No cases have been called to the Court's attention which construe the pertinent portion of the regulation cited by plaintiff, and in that respect the present case appears to be of first impression. Since neither party has requested an evidentiary hearing on defendant's motion to dismiss, the motion will be disposed of on the basis of the official record presently before the Court.

Based upon the complaint and the official record before the Court, I am unable to agree with defendant's position that the error alleged by plaintiff was an error occurring "at entry". The fallacy of defendant's contention lies in its misapprehension of the particular error that is claimed by plaintiff to be remedial under section 1520(c)(1), as distinguished from any inadvertent failure by plaintiff to respond to Customs' request for information, which may

have lead to a remedial error. On this score, plaintiff alleges in its complaint that Customs liquidated the entry upon the basis of an excessive value, and seeks reliquidation of the entry to correct the alleged error in the appraisement upon which the entry was liquidated. It should be observed that plaintiff has alleged no clerical error, mistake of fact or other inadvertence occurring prior to liquidation affecting the appraised values that are claimed to be remedial under section 1520(c)(1). Moreover, defendant has not substantiated its claim that there was an error "at entry".

Although not involving the application of 19 CFR § 173.4(c), *Adorence Company, Inc.* v. *United States, supra,* presents an interesting comparison with the facts in the present case (disclosed by the record before the Court). As in the instant case, the issue before the Court in *Adorence* was whether the plaintiff's request for reliquidation under section 1520(c)(1) was timely. There, plaintiff submitted incorrect values and erroneous value data on the entry papers. Subsequently, the liquidations were predicated merely upon the entered values and the information furnished by the importer in the entries. Accordingly, Judge Watson held that the errors were made in the entries rather than in the liquidations for the purposes of section 1520(c)(1), and thus plaintiff did not have one year from the dates of liquidation in which to request reliquidation. By contrast to the situation in *Adorence*, in liquidating the entry here, Customs rejected the entered values, and consequently any clerical error or mistake of fact concerning the higher values used in liquidation would have originated in the liquidation, not in the entry.

In summary, on the record presently before the Court, any clerical error, mistake of fact or other inadvertence in the values used in liquidating the entry that would be remedial under section 1520(c)(1) originated in the liquidation; and therefore plaintiff's request for reliquidation on October 10, 1978 was timely under section 173.4(c) of the Customs regulations. Consequently, defendant's motion to dismiss the action for lack of jurisdiction on the ground that plaintiff's request for reliquidation was untimely is denied at this time.[2]

## II

Turning to that branch of defendant's motion to dismiss on the ground that the error alleged by plaintiff is not within the scope of section 1520(c)(1), and accordingly the complaint fails to state a claim upon which relief can be granted:

As previously noted, the Customs Service refused to reliquidate the entry pursuant to section 1520(c)(1) because the error that

---

[2] Because of this conclusion, it is unnecessary to reach plaintiff's additional contention that its request for reliquidation was timely under the amendment of section 520(c)(1) of the Tariff Act of 1930, effective October 3, 1978, Pub. L. 95-410, Title II, § 210 (92 Stat. 903), presently in effect. Under the present statute, the Customs Service may reliquidate an entry "when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation of exaction".

plaintiff called to the attention of Customs assertedly involved a construction of the law, not remedial under section 1520(c)(1). Defendant argues that a determination of constructed value necessarily involves "construction of the law", and therefore no errors or mistakes in such an appraisement are remedial under section 1520(c)(1). That contention is totally without merit. Appraisement on the basis of constructed value involves a complex compilation and analysis of many facts covering various costs, expenses and profits, and such factual determinations certainly are susceptible to clerical errors, mistakes or other inadvertences not amounting to an error in the construction of the law. Defendant's novel assertion that an appraising official utilizing constructed value merely construes the law and does not deal with facts is indeed a misconception of the valuation process.

Plaintiff argues that defendant's motion to dismiss on the ground that the alleged error in appraisement is not within the ambit of section 1520(c)(1) is premature at this point, since there is no allegation in the complaint or evidentiary record before the Court that supports such ground. I agree.

An examination of the complaint shows no *allegation* disclosing the specific nature of the claimed error or mistake other than that there was an error in the appraisement.[3] Moreover, no *evidence* has as yet been adduced concerning the existence or nature of the alleged error. Clearly, under these circumstances it would be premature at this stage to decide whether any error or mistake in the appraisement is of the type that is remedial under section 1520(c)(1).

Finally, prior to a hearing on the merits, it would be premature to consider defendant's contention that the error claimed by plaintiff (which, as yet, has not been specifically disclosed) was not "manifest from the record or established by documentary evidence", as required by the statute.

For the foregoing reasons, defendant's motion to dismiss the action on the ground that the alleged error is not remedial under section 1520(c)(1) is denied at this time.

---

[3] Defendant claims that the error in the appraisement alleged by plaintiff concerns the use of assists. However, I find no mention of assists in the complaint.